IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charlton Beasley, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:24-cv-02597-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Edgefield Mailroom Clerks; Edgefield ) | |
| Correctional Institution; John Does; ) | |
| Mr. Parker; Ms. Wells; Mr. Davis; Mr. ) | |
| Hawkes; Mr. Vaneman; and Warden ) | |
| Janson, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Charlton Beasley, proceeding *pro se* and *in forma pauperis* (ECF No. 9), filed this action on April 26, 2024. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending this case be dismissed without prejudice, without issuance and service of process, and without leave to amend. (ECF No. 10). The magistrate judge advised Plaintiff of his right to file objections to the Report. *Id*. at 7. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 11), and it has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received it. Nevertheless, Plaintiff failed to file objections to the Report, and the deadline to do so has expired. The matter is now ripe for review.[1]

---

[1] Following the entry of the Report, Plaintiff sent the court a letter wherein he confirms he does not wish to "proceed further" with this action. (ECF No. 12). In his letter, Plaintiff does, however, request that the court waive the $350.00 filing fee associated with bringing this case. *Id*. at 1. The court declines to grant his request. When completing the Financial Certificate for the District of South Carolina, Plaintiff "authorize[d] and consent[ed] to the collection of the $350 filing fee in accordance with 28 U.S.C. § 1915(b) until the filing fee is paid in full as well as any amount of

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections

---

costs, sanctions, and/or fees that might be imposed by the court during this litigation" if he was granted *in forma pauperis* status. (ECF No. 2-1 at 1). As mentioned, the magistrate judge granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF Nos. 2, 9). Accordingly, the court **DENIES** Plaintiff's request to waive payment of the filing fee. Furthermore, while it would appear that Plaintiff is abandoning his claims, rather than dismissing the case on this basis, the court reviews the Report under the below standard out of an abundance of caution.

to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Thus, having reviewed the Report, and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 10), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED without prejudice, without issuance and service of process, and without leave to amend**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 15, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.